Kamaljit SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–72599.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 18, 2008.

Filed Feb. 22, 2008.

Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robin M. Meriweather, Washington, DC, for Respondent.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

Petitioner Kamaljit Singh is a native and citizen of India who petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to remand and adopting and affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ reasonably found that the petitioner's corroborated testimony that he had been twice arrested and beaten during the years when the Terrorist and Disruptive Activities (Prevention) Act ("TADA") was in effect was credible. The IJ reasonably found, however, that any presumption of a well-founded fear of future persecution had been rebutted because conditions in the country had changed, pointing out that the TADA had lapsed and that the petitioner had been acquitted of the charges brought on the basis of one of the earlier arrests, he had lived peacefully for a number of years in his home village, and he had obtained a passport in his own name. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000–01 (9th Cir.2003) (holding that presumption of a well-founded fear of future persecution was rebutted by changed country conditions).

The IJ did not believe the petitioner's uncorroborated testimony about two additional arrests, in 1992 and 1995. The adverse credibility finding was amply supported by specific reasons, including petitioner's inability to remember where the arrests occurred and his failure to produce corroboration. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–44 (9th Cir. 2001) (holding adverse credibility finding supported by inconsistencies and lack of corroboration). There was no showing

by 9th Cir. R. 36–3.

that the witness who did not appear at the hearing would have given any testimony materially advancing the petitioner's claims.

In his motion to reopen filed with the IJ, and later transferred to the BIA as a motion to remand, the petitioner contended that the witness was previously unavailable and that the witness could corroborate the claimed 1992 and 1995 arrests. There was no abuse of discretion in the Board's denial of remand, because everything in the motion and the supporting declaration was available at the time of the original hearing. *See Bhasin v. Gonzales,* 423 F.3d 977, 983–84 (9th Cir.2005) (citing standard); 8 C.F.R. § 1003.2(c)(1).

The petition is **DENIED.**